FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREY ANDREW S.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY[2], <br><br> Defendant. | No. 2:21-CV-00108-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 17, 18. The motions were heard without oral argument. Plaintiff is represented by Maren Miller Bam; Defendant is represented by Frederick Fripps and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court granting Plaintiff's Motion for Summary Judgment, ECF No. 17, and denying Defendant's Motion for Summary Judgment, ECF No. 18.

## I. Jurisdiction

On October 4, 2018, Plaintiff filed an application for supplemental security income. He alleged disability beginning November 1, 2012.

Plaintiff's application was denied initially and on reconsideration. On August 13, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On July 16, 2020, Plaintiff appeared and testified by telephone before ALJ Maria Palachuk, who presided from Spokane, Washington. Plaintiff appeared and testified without the assistance of an attorney. Also appearing and testifying were Lynne Jahnke, M.D., and K. Diane Kramer. The ALJ issued a decision on August 13, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on February 4, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 8, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~3

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~4

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~5

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

herein.

Plaintiff was 22 years old on the date the application was filed. When he was 16, he was diagnosed with Crohn's disease and ulcerative colitis. He has been unable to achieve remission although he has achieved periods of stability. When he has flare-ups, he usually ends up at the emergency room due to the pain. Starting in 2018, he began experiencing intermittent severe abdominal pain, usually in his lower left quadrant. He has tried different medications, some dictated by his insurance and others, which have initially proven effective but become less so when his body develops anti-bodies to the medicine. He uses hydrocodone to manage his pain. At the time of the hearing, he was currently on Xeljanz, and he reported that it was working, although he reported that when he tried a lower dose, his pain increased. He testified that his pain is sporadic. Some days he does not need any pain medicine and other days his stomach hurts so bad he is scrunched over in pain. He has a restrictive diet, eating only rice, meat and potatoes.

He worked for a short time at Lowes and Best Buy and worked approximately four months watching his nephews. He lives with his mother, and he can drive.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 24-33. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 4, 2018, the application date. AR 26.

At step two, the ALJ identified the following severe impairments: obesity; Crohn's disease/ulcerative colitis; asthma. AR 26.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18. Specifically, the ALJ found that Plaintiff did not meet the listing 5.06 (Inflammatory bowel disease) and 9.00 (Endocrine disorders). Ultimately, the ALJ concluded that Plaintiff has a residual function capacity

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

("RFC") to perform:

> to perform light work as defined in 20 CFR 416.967(b). The claimant can occasionally climb stairs and never climb ladders, ropes, or scaffolds. He can frequently perform other postural activities (balance, stoop, kneel, crouch, crawl). He must avoid concentrated exposure to respiratory irritants and avoid all exposure to hazards. He requires a workplace with ready access to a restroom.

AR 28.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work. AR 31

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including storage facility rental clerk, mail clerk, and collator operator. AR 32.

**VI. Issues for Review**

   1.  Whether the ALJ properly assessed Plaintiff's credibility.

   2.  Whether the ALJ properly determined the RFC.

**VII. Discussion**

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~8**

omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted).

The ALJ found that Plaintiff's level of activity is congruent with light work because he could drive and was able to walk a mile, although the ALJ noted that he has low energy throughout the day. The ALJ found that Plaintiff has a history of some noncompliance with treatment directives, such as stool studies, enema, and medication. The ALJ noted that Plaintiff declined physical therapy. The ALJ concluded this indicates that Plaintiff has not put forth full effort in retaining or recouping functional capacity and speculated that this evidence suggested that Plaintiff's limitations are less than alleged because one would expect strict compliance with medical directives given the alleged severity of symptoms. The ALJ was especially troubled by Plaintiff's failure to provide a function report.

The ALJ noted the record does not indicate limited range of motion, gait problems, motor, sensation, or strength deficits and noted that the record indicates that Plaintiff "often presents with no particular distress." She stated the record shows that the different medications were effective.

The ALJ's reasons for rejecting Plaintiff's symptom statements are not supported by the record and therefore do not meet the clear and convincing standard. The ALJ makes no mention of the seemingly monthly visits to the Emergency Room because of chronic abdominal pain. Most recently, Plaintiff's doctor in Seattle suggested that he may be suffering from vasculitis, which would better explain his chronic pain. While it is true Plaintiff declined physical therapy, it was in relation to an ankle injury that occurred in 2016. The ALJ cherry-picked the record to find a few instances where Plaintiff failed to provide a stool sample or was unable to use an enema. It is not clear from the record, however, whether it was because Plaintiff never tried, or whether the stool sample was deemed inadequate. Contrast that to over 1500 pages of medical records that show Plaintiff

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**

following treatment protocols, including using enemas on a nightly basis. The record as a whole shows that Plaintiff was consistently compliant with medications, diligently sought pain relief, sought care from various GI and pain management specialists, and took medications as prescribed.

Because the ALJ discounted Plaintiff's symptom testimony regarding his chronic abdominal pain, which is well-documented and well-supported in the record, it failed to properly determine his RFC by not accounting for the intermittent periods where Plaintiff would be off task or absent due to his inability to move or get out of bed because of the pain. Moreover, the ALJ failed to account for the fact that Plaintiff is a chronic opiate user and whether this would affect his ability to perform work. Also, the record does not support the ALJ's conclusion that his medications were effective. Rather, it is clear from the record that while some medications may have been effective initially, with time the benefits diminished, or the new medicine that were tried had no effect on his symptoms.

The ALJ erred in discounting Plaintiff's symptoms regarding his chronic abdominal pain, and as such, the RFC determination and ultimate disability determination are not supported by substantial evidence. As such, it is necessary to remand this matter for further administrative proceedings, including a *de novo* hearing and a new decision.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for proceedings consistent with this Order.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

5.      Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the District Court Executive is directed to substitute Kilolo Kijakazi for Andrew Saul.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 28th day of January 2022.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~11**